DAN BIRKEMEIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM SAREMAL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 89615, 89616. Promulgated May 25, 1939.

*Robert R. Rankin, Esq.*, for the petitioners.
*John H. Pigg, Esq.*, for the respondent.

1074

OPINION.

STERNHAGEN: ■ The petitioners, as clearly shown by the evidence, did not use the "completed contract" method and indeed kept no accounting system whatever before the bookkeeper was hired in the spring of 1935. This man was hired primarily to make accounts for the Tanner Creek job, and not until December 1935 was a general set of books begun. Under these circumstances there was obviously no "method of accounting regularly employed in keeping the books", as described in section 41, Revenue Act of 1934. The situation is as described in the last sentence of the section, "the taxpayer * * * does not keep books", and therefore "the net income shall be computed on the basis of the calendar year." Cf. *Rosa Orino*, 34 B. T. A. 726.

The Commissioner determined that the Tanner Creek contract was a long term contract all of the income of which was taxable upon its completion in 1935, "inasmuch as the information at hand indicates that income had been previously reported on a completed contract basis." The postulate was erroneous, and hence there was no foundation for the use of the completed contract basis. The taxpayer is not required to use that basis unless he has used it regularly and has the permission of the Commissioner. In the absence of either such use or permission, there is no reason to require it.

Of course it was error for the petitioners to omit the $46,000 from the partnership return of 1934. But there is no contention of estoppel, cf. *Sugar Creek Coal & Mining Co.*, 31 B. T. A. 344, and the error is not to be corrected by an artificial enlargement of the income of 1935

or the use of an artificial basis of accounting. The petitioners were required to use the cash and calendar year basis, and their income and deficiencies must be computed on that basis. The Commissioner's determination is reversed in so far as it includes in 1935 income the $14,587.69 of the amount received in 1934.

2. The partnership of Orino, Birkemeier & Saremal Co. paid Wilbur $8,500 in 1935 to form a corporation in Mexico and promote construction contracts with the Mexican Government. How the petitioners were to or did participate in this payment does not appear, but they argue that they should have deducted $5,700 on their return. There is not enough in the record to establish their claim. The partnership return of Orino, Birkemeier & Saremal Co. is where the deduction would be accounted for, and no such deduction appears on that return. Whether petitioners paid anything on account of the item does not appear, and if they did, the character of the payment is shrouded in doubt. Under these circumstances, the determination of the Commissioner in accordance with the return is not shown to be erroneous.

*Decision will be entered under Rule 50.*